UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC BERGER, ET AL.                CIVIL ACTION

VERSUS                             NO: 06-11151

USAA GENERAL INDEMNITY CO.         SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Attorney's Fees Associated with the Motion for Summary Judgement to Enforce the Settlement Agreement (Rec. Doc. 41).  For the reasons below, Plaintiff's Motion is **GRANTED in part and DENIED in part**.

**BACKGROUND**

This case arose out of damage Plaintiffs suffered as a result of Hurricane Katrina.  Plaintiffs filed suit against USAA General Indemnity Co. ("USAA") on December 19, 2006.  USAA provided the Plaintiffs with flood insurance as a WYO carrier participating in the National Flood Insurance Program.

On January 7, 2008, this Court was advised that the parties had settled this action and entered a 60 Day order of dismissal. (Rec. Doc. 29) On February 27, 2008, Plaintiffs filed a motion to enforce the settlement agreement.  (Rec. Doc. 30).  That motion included a request for attorney's fees and costs.  The Court held an expedited telephone hearing regarding the motion, and granted

Plaintiffs' motion to enforce.  (*See* Rec. Doc. 38).  The Court
found that the parties reached a binding settlement agreement on
January 4, 2008, and that the agreed settlement did not include a
confidentiality provision.  A Final Judgment enforcing the
settlement agreement was entered on March 5, 2008.  (Rec. Doc.
39).  Plaintiff has now filed a motion seeking recovery of
attorney's fees and costs related to the motion to enforce
settlement.

**DISCUSSION**

*The Availability of Fees*

Plaintiffs have suggested that this Court has the authority
to award attorney's fees under the Equal Access to Justice Act
("EAJA"), 28 U.S.C. § 2412.  In *Dwyer v. Fidelity National
Property & Casualty Insurance Co.*, No. 06-4793, 2007 WL 2265036
(E.D. La. Aug. 3, 2007) this Court determined that suits against
WYO Flood Insurance Providers are suits against an
instrumentality of the executive branch of the federal
government, and therefore are suits against the government for
the purposes of the EAJA.  The Court further found that
Fidelity's failure to act upon the Dwyer's supplemental flood
claim and requiring the Dwyers to sue Fidelity in order to
recover what they were owed under the policy was not justified to
a degree that would satisfy a reasonable person.  For those

2

reasons, the Court concluded that attorney's fees were avaialble to the Dwyers under the EAJA.

USAA asserts that because the motion for attorney's fees concerns a contractual dispute about the material terms of a settlement agreement, it is not a dispute over the National Flood Insurance Program; therefore Louisiana contractual law should apply and not the EAJA.[1]  USAA's position in this respect is devoid of support.  While USAA may be correct that Louisiana law does not provide a successful plaintiff with attorney's fees, that argument in inapposite to the case at bar.  The EAJA provides, in pertinent part, that "except as otherwise specifically provided by statute a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless

---

[1]At least, this is the way that the Court has chosen to read USAA's argument.  It is equally possible that USAA is arguing that Louisiana law controls with regards to the question of whether a settlement contract was formed. However, that assertion would be irrelevant to the motion at bar because that question has already been decided by the Court.

USAA argues that it was given no opportunity to respond to Plaintiffs' motion to enforce the settlement, but in an effort to resolve the dispute, it has not asked the Court to reconsider its previous ruling.  The Court notes that USAA was given an opportunity during the telephone hearing, and they did not offer anything to contradict the evidence that Plaintiffs had offered.

the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The award of attorney's fees under the EAJA is for an action against the United States and for an action that occurs under Federal Law. This Court has already determined that the actions against WYO Flood Carriers are actions against the United States for the purposes of the EAJA, and therefore, the EAJA must govern this motion. Therefore, there does not seem to be any reason why Louisiana law should apply to this situation.

The only remaining question, therefore, is whether USAA's position was substantially justified. "Substantially justified" has been defined by the Supreme Court of the United States to mean "justified in substance or in the main . . . justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001). Substantially justified means that the position of the United States must have a "reasonable basis in both law and fact." *Sims*, 238 F.3d at 602. The Fifth Circuit has held that the government's position is deemed to be substantially justified "if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003).

4

Furthermore the burden of proving substantial justification falls to the government. *Id.* (*citing Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). The government is required to show "that it acted reasonably at all stages of the litigation." *Id.* (*citing Sec. & Exch. Comm'n v. Fox*, 855 F.2d 247, 251-52 (5th Cir. 1988)). In other words, even if the government's action is substantially justified in the underlying action, if it is not justified in some portion of the litigation, then the prevailing party should recover attorney's fees for that portion. *United States v. $660,200.00*, 423 F. Supp. 2d 14, 36 (E.D.N.Y. 2006).

In the *$660,200.00* case, the court noted that the policy behind this narrow approach is that "the government should be discouraged from engaging in dilatory or otherwise unacceptable litigation tactics at all phases of litigation, not merely when initially bringing the action." *Id.* (*citing Smith v. Bowen*, 867 F.2d 731, 735 (2d Cir. 1989)). USAA bears the burden of proving that it acted justifiably with regards to the settlement of this case. USAA utterly fails to meet this burden.

USAA presents two possible arguments in favor of its position that it acted justifiably.[2] First USAA argues that the

---

[2]It is not entirely clear that USAA has taken the position that it acted justifiably. USAA's two points with respect to the EAJA center on an assertion that Plaintiffs caused the delay and therefore the attorney's fees requested are excessive, and second, that its actions were not arbitrary and capricious

5

Plaintiffs are responsible for the delay in effectuating a
settlement agreement.  It appears to be undisputed by the parties
that an oral settlement agreement was reached on January 4,
2008.[3]  This Court has found that an agreement was reached on
that date, and that the settlement reached did not have a
confidentiality provision.

USAA takes the nonsensical position that attorney's fees are
being sought for a motion to enforce prior to a settlement
agreement even being submitted to Plaintiffs for review and makes
the further incredible statement that Plaintiffs did not respond
with suggested revisions until February 13, 2008.

Plaintiffs' emails show the fallacy of these statements.
Following the agreement on January 4, Plaintiffs' counsel sent an
email to Defense counsel confirming the settlement.  The
confirmation included the words that there is no confidentiality
provision in the settlement agreement.  (Rec. Doc. 30, ex. D).
It is clear that USAA received this confirmation (Rec. Doc. 30,
ex. E).  Thereafter, Plaintiff asked settlement documents on four
separate occasions between January 14 and January 21.  On January
22, at 8:58 a.m. Plaintiffs received a draft of the settlement

---

because USAA has a right to protect its corporate name.

    [3]Even if not undisputed, because the Court has already
determined that an agreement existed on that date, the dispute is
irrelevant to this hearing.

papers.  Plaintiffs responded at 2:45 p.m. on the same day, with suggested edits, and pointed out that there was no confidentiality provision agreed to, yet one was inserted into the draft.  On January 25, Defendant sent a second proposed draft.  Plaintiffs claim that this draft was rejected due to the insertion of a limited confidentiality clause.  While Plaintiffs did respond to some document with proposed changes on February 13,[4] the position that Plaintiffs did not respond until that date appears to be without merit.  Plaintiffs responded within six hours of being shown the first draft, and have been diligent in communications with USAA.  Numerous emails between Plaintiffs and Defendant have been submitted, all of which suggest that Plaintiffs repeatedly asked for settlement documents.  However, no such document was forthcoming until at least January 25, and that document included confidentiality language that the parties did not agree to.

USAA also argues that there is no case law which would prevent a WYO program carrier from protecting its legitimate interest in its own corporate good name in the context of flood insurance litigation.  Therefore, USAA seems to argue that its position in demanding a confidentiality agreement is

---

[4]It is unclear what Plaintiff is responding to.  (*See* Rec. Doc. 42, ex. 4)

substantially justified.[5]  However, USAA's argument misses the point.  The ultimate question is not whether USAA is substantially justified in wanting any settlement agreement to include a confidentiality provision.  The question is whether, after an agreement was crafted that did not include a confidentiality provision, USAA was substantially justified in its position that confidentiality either had been agreed to or should have been agreed to.  USAA has not made any showing to that effect.

Therefore because USAA cannot meet its burden to prove that its actions were substantially justified, this Court finds that attorney's fees are available under the EAJA.

*The Amount of Fees*

Plaintiff suggests to this Court that attorney's fees should be awarded in the amount of $4,950.  This amount represents 19.8 hours of work at $250 per hour.  The EAJA provides that "the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as

---

[5]USAA does not explicitly make this argument, but it seems to be implied.

the limited availability of qualified attorneys for the proceedings involved justify a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff has not made any argument regarding the prevailing market rate or special factors that would justify an increase from the $125 per hour statutory rate.  This Court has recently surveyed other cases in this district, and determined that $125 per hour is the accepted fee to be awarded in EAJA cases in this district.  *See Dwyer*, 2007 WL 22656036, at *2.[6]  Therefore, Plaintiffs' attorney's fees award under the EAJA must be reduced to $125 per hour.

USAA argues that the hours that Plaintffs' counsel spent on this case is excessive.  USAA argues that after settlement was reached on January 4, Plaintiffs' counsel began drafting the Motion to Enforce Settlement on January 14.  However, the billing statement of Plaintiffs' counsel simply asserts that on January 14, counsel prepared correspondence to USAA regarding the settlement status.  In fact the billing statement indicates that counsel did not begin work on the motion to enforce settlement until February 22, 2008. (Rec. Doc. 46, ex. A)  This Court is satisfied that the amount of time that Plaintiffs' counsel spent

---

[6]As this Court noted in *Dwyer*, the Fifth Circuit encourages districts to maintain EAJA rates at the same level throughout the district.  *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995); *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

trying to collect the settlement is reasonable.

Therefore the Court will award the Plaintiffs $125 per hour for 19.8 hours of work, for a total award of $2,475.00.

Plaintiff has also asked for costs and interest.  As to costs, there is no evidence in the record of costs associated with the filing of this motion.  Therefore the motion for costs will be denied.

As to interest, Defendant argues that interest is never available in flood cases.  *See In re Estate of Lee*, 812 F.2d 253, 255 (5th Cir. 1987)(holding that interest is not available for awards against FEMA).  As noted in *Dwyer* and in *St. Claude Bywater Properties v. Fidelity National Insurance Co.*, No. 06-5194, 2008 WL 294549 (E.D. La. Feb. 1, 2008)(Lemelle, J.), this Court finds it curious that USAA asserts that it is not a general agent of the United States for purposes of the EAJA, but at the same time cloaks itself in the "robe of sovereign immunity" to prevent the award of post judgment interest.  *See also Grisaffi v. Audubon Ins. Co.*, No. 06-11179, 2008 WL 695375 (E.D. La. Mar. 13, 2008).  However, given that this Court accepts that for purposes of the EAJA, USAA is an agency of the United States, it must also accept that post judgment interest is not appropriate in this case.  Accordingly, Plaintiffs' motion for interest is denied.

Therefore the Court issues the following orders:

**IT IS ORDERED** that Plaintiffs' Motion for Attorney's Fees (Rec. Doc. 41) is **GRANTED in part and DENIED in part.** Plaintiffs are awarded $2475.00 in attorney's fees.

New Orleans, Louisiana this the 9th day of April, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE